## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DANNIE R. HAYWARD, SR. (#301013)**                               **CIVIL ACTION**

**VERSUS**

**WARDEN WILLIE DOUGLAS, ET AL.**                                  **NO. 07-0072-FJP-DLD**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 29, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DANNIE R. HAYWARD, SR. (#301013)**                                   CIVIL ACTION

**VERSUS**

**WARDEN WILLIE DOUGLAS, ET AL.**                                   NO. 07-0072-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motions for Default Judgment, rec.doc.nos. 91, 105 and 112, pursuant to which he seeks a default judgment against defendants Jolynn Williams, Pam Porter, Carla Hawkins and Rekiesha Scott.[1]

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Scotlandville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Willie Douglas, Sheriff Greg Phares, and certain named and un-named nurses and deputies employed at the prison, complaining that the defendants violated his constitutional rights in 2006 at EBRPP through deliberate medical indifference, through verbal abuse, and through deprivation of food and water on a single day.

On May 10, 2010, upon the apparent failure of defendants Jolynn Williams, Pam Porter and Carla Hawkins, after service of process, to appear or respond to the plaintiff's Complaint, the Clerk of Court entered a preliminary default as to these defendants. See rec.doc.no. 88.  The plaintiff now seeks a default judgment against these defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure.  In addition, the plaintiff seeks a default judgment against defendant Rekiesha Scott, notwithstanding the absence of a prior preliminary default entered against this defendant.

---

[1] Although the plaintiff also requests a default judgment against defendants Richard Johnson, Kyle Ford, Aaron Gray and Eugene Marbe, the Court has entered a Report and Recommendation, rec.doc.no. 103, recommending that the Clerk's initial entry of default as to these defendants be set aside.  Accordingly, this aspect of the plaintiff's motion shall not be addressed.

The plaintiff's motion should be denied. Specifically, it does not appear from the record that the plaintiff has effected proper legal service upon defendants Jolynn Williams, Pam Porter, Carla Hawkins or Rekiesha Scott. To the contrary, it appears that summons was instead delivered to Linda Ottesen, the Department Head of the Health Unit at the East Baton Rouge Parish Prison (for defendants Williams, Porter and Hawkins) and to Lt. Craig R. Landry, a deputy in the Process Division of the East Baton Rouge Sheriff's Office (for defendant Scott). It appears that Ms. Ottesen and Lt. Landry accepted service on behalf of these defendants. See rec.doc.nos. 76, 83.

Unless federal law provides otherwise, an individual may be served in accordance with the procedures utilized by the state for service of process or by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy to an agent authorized by appointment or by law to receive service or process. Rule 4(e), Federal Rules of Civil Procedure. In the instant case, it appears that summons was not delivered personally to any of the defendants in question nor to their respective dwelling places, and there is no suggestion in the record that, as the "Department Head" of the prison Health Unit or as "Deputy" at the East Baton Rouge Sheriff's Office, Linda Ottesen or Craig Landry were appointed or authorized by law to accept service on behalf of individual nurses employed by the Department of Emergency Medical Services and working at the East Baton Rouge Parish Prison. Further, Louisiana law provides that, in the absence of an authorized or appointed agent, service must be made by delivery of the Complaint either to a defendant personally or to the defendant's domicile, and may not be effected by delivery to the defendant's place of employment. See Drago v. Drago, 477 So.2d 786 (La. App. 5th Cir.), writ denied, 478 So.2d 1236 (La. 1985). Therefore, based on the record, it appears that service of process in this case did not comply with the provisions of Rule 4(e). See rec.doc.no. 86 (quashing service of process upon defendants named in this proceeding for this reason).

Based on the foregoing, the Court concludes that the plaintiff's Motions for Default Judgment, rec.doc.nos. 91, 105 and 112, should be denied and that the Clerk's Entry of Default against defendants Jolynn Williams, Pam Porter and Carla Hawkins, rec.doc.no. 88, should be set aside.

## RECOMMENDATION

It is recommended that the plaintiff's Motions for Default Judgment, rec.doc.nos. 91, 105 and 112, be denied, that the Clerk's Entry of Default as to defendants Jolynn Williams, Pam Porter and Carla Hawkins, rec.doc.no. 88, be set aside, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on July 29, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**