**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DANNIE R. HAYWARD, SR. (#301013)**  **CIVIL ACTION**

**VERSUS**

**WARDEN WILLIE DOUGLAS, ET AL.**  **NO. 07-0072-FJP-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 12, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DANNIE R. HAYWARD, SR. (#301013)**  CIVIL ACTION

**VERSUS**

**WARDEN WILLIE DOUGLAS, ET AL.**  NO. 07-0072-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 143.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Willie Douglas, former Sheriff Greg Phares, current Sheriff Sidney Gautreaux, EBRPP deputies Richard Johnson, Kyle Ford, Aaron Gray, Eugene Marbe, Dimitri Williams and Gary Wilson, and EBRPP medical providers JoLynn Williams, Cathy Roule, Carla Hawkins, Pam Porter and Rekiesha Scott, complaining that the defendants violated his constitutional rights in 2006 at EBRPP through deliberate medical indifference, through verbal abuse, and through deprivation of food, water and medication on a single day. Pursuant to previous Magistrate Judge's Report and Recommendation, approved by the District Judge on March 16, 2011, see rec.doc.nos. 162 and 166, the plaintiff's claims asserted against defendants Willie Douglas, Greg Phares, Sidney Gautreaux, Richard Johnson, Kyle Ford, Aaron Gray, Eugene Marbe, and Dimitri Williams have been dismissed, leaving before the Court the plaintiff's claims asserted against EBRPP deputy Gary Wilson and EBRPP medical providers JoLynn Williams, Cathy Roule, Carla Hawkins, Pam Porter and Rekiesha Scott.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. In the context of a motion for summary judgment, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and the nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence. Id. Once the movant has carried his burden of proof, however, the nonmovant may not sit idly by and wait for trial. Page v. Delaune, 837 F.2d 233 (5th Cir. 1988). Rather, the burden then shifts to the non-movant to show that the entry of summary judgment is not appropriate. Celotex Corp. v. Catrett, supra. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56.

As pertinent to the claims and defendants remaining before this Court, the plaintiff alleges in his Complaint, as amended, that he was processed into EBRPP on March 1, 2006. At that time, he advised unidentified prison officials that he suffered with Type I Diabetes and high blood pressure, that he had a broken jaw which had recently been wired shut, and that he needed medications for these conditions and for pain. Notwithstanding, unnamed security officers ignored his complaints and did not notify prison medical staff, and when a return visit to Earl K. Long Hospital ("EKL") apparently conflicted with a court date, the visit was re-scheduled. As a result, the plaintiff's complaints were allegedly ignored by health care providers until, on March 18, 2006, a co-inmate obtained and filled out a medical request form on the plaintiff's behalf. The plaintiff complains, however, that this request was mis-characterized by a prison nurse as a mere toothache, and it was not until March 28, 2006, ten days later, that he was actually seen by a physician at the prison, at which time the plaintiff was transported to EKL and scheduled for additional surgery on his jaw. Also on March 28, 2006, the plaintiff was allegedly denied his diabetes medication by a nurse identified as Nurse Lilian or Nurse

Cathy, and it was not until later on the same date, after the plaintiff called family members and his attorney, that he was provided with insulin. The next day, March 29, 2006, when the plaintiff's blood sugar level remained high, an unidentified medical provider allegedly changed the plaintiff's diabetes medication, notwithstanding that the plaintiff advised that the new medication would cause an adverse effect. When the new medication did in fact allegedly cause the plaintiff's blood sugar to "bottom out" at a level of 68, he was then "forced" to eat a "honey bun" by a nurse, which caused the plaintiff's blood sugar to rise to a dangerous level of 221. The plaintiff further complains that surgery was not performed on his jaw until May 1, 2006, at which time his jaw was re-broken and new surgical pins were inserted. The next morning on May 2, 2006, the plaintiff was released by EKL to return to the prison, but he complains that for the remainder of that day, notwithstanding explicit instructions from EKL personnel to an unidentified EBRPP security officer before transport, he was denied food, fluids, and medication for his pain, diabetes and high blood pressure by defendant Nurse Jolynn Williams. It was not until 10:30 that evening that he was finally provided with medication for his pain, and it was not until the shift changed the next day, on May 3, 2006, that his condition was noted to have worsened, and he was returned to EKL, where he was allegedly found to be suffering from severe dehydration and high blood pressure. After treatment at EKL on that date, he was returned to EBRPP, but he complains that he was only provided with hard food (which he could not eat) and medication at 6:30 p.m., and no other medication until 5:30 the next morning. Although the plaintiff was assured that he would thereafter receive his prescribed pain medication every four to six hours upon request, he complains that during Nurse Jolynn William's ensuing shifts, beginning on May 5, 2006, and continuing until his transfer from EBRPP in October, 2006, he was denied appropriate medication in retaliation for his complaints regarding the defendants. Finally, the plaintiff complains that on May 25, 2006, at approximately 4:00 a.m., defendant Nurse "Kietsha", later identified as Nurse "Rekiesha Scott", failed to provide the plaintiff with needed insulin before a shift change, notwithstanding that the plaintiff's sugar level was noted to be an unsafe 268. In addition to the

foregoing, the plaintiff complains that, during the entire period of his confinement at EBRPP, prison health care providers failed to order him the many medications (13 in number) which he had allegedly been prescribed prior to incarceration, but instead provided him with other medications for his diabetes and high blood pressure which did not work as effectively. In addition, each of the defendants often subjected him to threats, taunts, and verbal abuse and harassment, and administrative grievances filed by him against prison officials were routinely denied by defendant Carla Hawkins.

The Court concludes, on the record before it, that the plaintiff's motion should be denied at this juncture. His Complaint is not sworn, and he has not attached to his motion either his own sworn statement nor the affidavits of any other persons attesting to the truth of his allegations. Although he makes reference to his medical records and to matters contained within his administrative remedy proceedings, none of these documents has been attached to his motion, and the Court will not undertake a review of the voluminous record in order to search for and locate documentation which may support his unsworn assertions. Finally, although certain of the remaining medical defendants have apparently been served with process in this case, they have not yet appeared through the filing of an Answer or other responsive pleading and so have not responded to the substance of the plaintiff's allegations. See, e.g., Ed & F Man Biofuels Ltd v. MV FASE, 728 F.Supp.2d 862 (S.D. Tex., 2010) (finding summary judgment to be premature where defendant had not filed an answer and where discovery had not commenced). Accordingly, it appears that there are unresolvable questions of fact which preclude summary judgment at this time, and it is appropriate for the Court to defer ruling on the plaintiff's allegations pending an adequate evidentiary showing.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 143, be

denied, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on April 12, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**