**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANNIE R. HAYWARD, SR. (#301013)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN WILLIE DOUGLAS, ET AL.** | **NO. 07-0072-FJP-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 5, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DANNIE R. HAYWARD, SR. (#301013)**   **CIVIL ACTION**

**VERSUS**

**WARDEN WILLIE DOUGLAS, ET AL.**   **NO. 07-0072-FJP-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the motion of defendants Cathy Roule, Jolynn Williams and Pam Porter to set aside the preliminary default entered against them on April 20, 2011, see rec.doc.nos. 177 and 183.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against correctional officers and health care providers at EBRPP, including, as pertinent to the instant motion, the present movants, medical providers Cathy Roule, Jolynn Williams and Pam Porter. The plaintiff complains that the defendants violated his constitutional rights in 2006 at EBRPP through deliberate medical indifference, through verbal abuse, and through the deprivation of food, water and medication on a single day.

On April 20, 2011, upon the failure of movants, after service of process, to appear or respond to the plaintiff's Complaint, the Clerk of Court entered a preliminary default against these three defendants. See rec.doc.no. 177. On the very same day, the defendants filed an Answer to the plaintiff's Complaint, asserting procedural and substantive defenses to the allegations made therein. See rec.doc.no. 180. In the instant motion, the defendants now move to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. See rec.doc.no. 183. In support thereof, counsel for the defendants asserts that the defendants' failure to timely

respond to the plaintiff's Complaint was entirely inadvertent.  Moreover, counsel represents that the plaintiff will not be prejudiced by the grant of the instant motion to set aside the entry of default.

Rule 55(b)(2) provides that, after entry of default against a non-appearing defendant, the plaintiff must apply to the Court for entry of a judgment of default.  A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court. Flaska v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968); Hanley v. Volpe, 48 F.R.D. 387 (E.D. Wis. 1970).  In addition, the decision to set aside an entered default lies within the sound discretion of the district court.  United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985), citing Traquth v. Zuck, 710 F.2d 90, 94 (2nd Cir. 1983).  Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play.  See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 3d § 2690 (1998).

In determining whether to set aside an entered default, the district court should consider: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.  United States v. One Parcel of Real Property, supra, 763 F.2d at 183; Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985).  The standard for setting aside a default decree is less rigorous even than that for setting aside a judgment for excusable neglect.  United States v. One Parcel of Real Property, supra, 763 F.2d at 183.

Applying this standard to the instant case, the Court concludes that the entry of default should be vacated.  It appears clear that the failure of defendants Cathy Roule, Jolynn Williams and Pam Porter to file a timely answer to the plaintiff's Complaint was not willful, that the minimal delays attendant to this failure will not prejudice the plaintiff in presenting his case, and that the defendants have raised defenses in their Answer which may prove meritorious.  Accordingly, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed.

RECOMMENDATION

It is recommended that the motion of defendants Cathy Roule, Jolynn Williams and Pam Porter to set aside entry of default, rec.doc.no. 183, be granted, vacating and setting aside the default entered herein on April 20, 2011. It is further recommended that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on May 5, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**