UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE R. HAYWARD, SR. (#301013)   CIVIL ACTION

VERSUS

WARDEN WILLIE DOUGLAS, ET AL.   NO. 07-0072-FJP-DLD

ORDER

This matter comes before the Court on the Motion of defendants Warden Willie Douglas, Sheriff Greg Phares, Sheriff Sidney J. Gautreaux, III, and Deputies Kyle Ford, Aaron Gray, Richard Johnson, Eugene Marbe and Dmitri Williams, to Designate Ruling as Final and Appealable, rec.doc.no. 175. This motion is opposed.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Willie Douglas, former Sheriff Greg Phares, current Sheriff Sidney Gautreaux, EBRPP Deputies Richard Johnson, Kyle Ford, Aaron Gray, Eugene Marbe, Dimitri Williams and Gary Wilson, and EBRPP medical providers Jolynn Williams, Cathy Roule, Carla Hawkins, Pam Porter and Rekiesha Scott, complaining that the defendants violated his constitutional rights in 2006 at EBRPP through deliberate medical indifference, through verbal abuse, and through deprivation of food, water and medication on a single day. Pursuant to Order dated March 16, 2011, see rec.doc.no. 166, the plaintiff's claims asserted against defendants Willie Douglas, Greg Phares, Sidney Gautreaux, Richard Johnson, Kyle Ford, Aaron Gray, Eugene Marbe, and Dimitri Williams have been dismissed, leaving before the Court the plaintiff's claims asserted against EBRPP Deputy Gary Wilson and EBRPP medical providers Jolynn Williams, Cathy Roule, Carla Hawkins, Pam Porter and Rekiesha Scott.

The moving defendants now seek certification of the Order dismissing the plaintiff's claims against them. In this regard, Rule 54(b) of the Federal Rules of Civil Procedure provides, in

pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Court concludes, based upon a review of the record, that the defendants' motion should be denied. The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." PYCA Industries, Inc. v. Harrison County Waste Water Management District, 81 F.3d 1412 (5th Cir. 1996). The Fifth Circuit Court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant [Rule 54(b)] certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." Id. (citing Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442 (2nd Cir. 1985)).

The defendants in this case articulate no hardship or injustice which may result to the moving defendants if the Court does not certify the referenced Ruling for immediate appeal. Moreover, the inefficiency resulting from piecemeal appeals will certainly be present in this case because the issues which will likely be presented in connection with any appeal relative to the moving defendants will also likely be presented in connection with any appeal relative to the remaining defendants. This is so because all of the defendants worked together at the East Baton Rouge Parish Prison, essentially side-by-side, during the time in question and are all alleged to have been deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment. Finally, the Court notes that there remains as a defendant in this proceeding an EBRPP Deputy, Gary Davis, and that any later appeal relative to this defendant will likely present the same appellate issues as will an appeal relative to the currently moving Deputy defendants. Accordingly, a Rule 54(b) certification of the referenced Ruling will unquestionably present the possibility, if not the likelihood, of piecemeal appeals, and is therefore not warranted in this case.

Therefore,

**IT IS ORDERED** that the defendants' Motion to Designate Ruling as Final and Appealable, rec.doc.no. 175, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this  12  day of May, 2011.

                                        **FRANK J. POLOZOLA**
                                        **UNITED STATE DISTRICT JUDGE**